| | |
|---|---|
| Deanne Kundert, | Court File No. 0:16-cv-03355-PAM-BRT |
| Plaintiff, | **MAYO CLINIC'S ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES** |
| vs. | |
| Mayo Clinic, | |
| Defendant. | **JURY TRIAL DEMANDED** |

Defendant Mayo Clinic ("Mayo"), for its Answer and affirmative and additional defenses to the Complaint ("Complaint") filed by plaintiff Deanne Kundert ("Plaintiff"), states and alleges as follows:

## PARTIES

1. Mayo admits that Plaintiff identifies Goodhue County as her county of residence. Mayo is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 1 of the Complaint that pertain to Plaintiff's domicile and on that basis, this statement has the effect of a denial of those allegations as phrased in Paragraph 1 of the Complaint.

2. Mayo admits that it is a non-profit corporation incorporated in Minnesota with a principal place of business located in Rochester, Minnesota. Mayo denies any and all remaining allegations contained in Paragraph 2 of the Complaint.

3. To the extent that Paragraph 3 of the Complaint sets forth conclusions of law, no answer is required. To the extent that an answer is required, Mayo admits that Plaintiff was previously employed by Mayo. Mayo denies any and all remaining allegations contained in Paragraph 3 of the Complaint.

4. To the extent that Paragraph 4 of the Complaint sets forth conclusions of law, no answer is required. To the extent that an answer is required, Mayo admits that Plaintiff was previously employed by Mayo. Mayo denies any and all remaining allegations contained in Paragraph 4 of the Complaint.

5. To the extent that Paragraph 5 of the Complaint sets forth conclusions of law, no answer is required. To the extent that an answer is required, Mayo admits that Plaintiff was previously employed by Mayo. Mayo denies any and all remaining allegations contained in Paragraph 5 of the Complaint.

6. Mayo is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 6 of the Complaint that pertain to Plaintiff's age and on that basis, this statement has the effect of a denial of those allegations as phrased in Paragraph 6 of the Complaint.

7. Mayo admits that Plaintiff was previously employed at Mayo's facilities in Olmsted County, Minnesota. Mayo denies any and all remaining allegations contained in Paragraph 7 of the Complaint.

8. Mayo admits that Plaintiff purports to invoke jurisdiction and purports to bring this action pursuant to certain federal and state laws, but Mayo denies any legal wrongdoing, or that Plaintiff is entitled to any relief whatsoever. Mayo denies any and all remaining allegation contained in Paragraph 8 of the Complaint.

**FACTS**

9. Mayo admits Plaintiff began working for Mayo in 1984. Mayo denies any and all remaining allegations contained in Paragraph 9 of the Complaint.

10. Mayo admits Plaintiff held the position of "supply assistant" for the clinical dermatology unit. Mayo denies any and all remaining allegations contained in Paragraph 10 of the Complaint.

11. Mayo admits Steve Berres ("Berres") was the RN Supervisor in the Department of Dermatology beginning on July 23, 2008. Mayo denies any and all remaining allegations contained in Paragraph 11 of the Complaint.

12. Mayo denies the allegations contained in Paragraph 12 of the Complaint.

13. Mayo admits that a supply assistant's major functions and non-essential functions included, but were not necessarily limited to, collaborating with the nursing supervisor, nurses, consulting staff and desk staff to provide technical support for the room set-up, stocking of supplies, cleaning and packaging instruments, prepare anesthetics, fill liquid nitrogen containers, FAX prescription refills, and assist the nurses and desk staff in maintaining a smooth operation and patient flow. Mayo denies any and all remaining allegations contained in Paragraph 13 of the Complaint.

14. Mayo denies the allegations in Paragraph 14 of the Complaint.

    a. Mayo denies the allegations in Paragraph 14(a) of the Complaint.

    b. Mayo denies the allegations in Paragraph 14(b) of the Complaint.

    c. Mayo denies the allegations in Paragraph 14(c) of the Complaint.

    d. Mayo denies the allegations in Paragraph 14(d) of the Complaint.

    e. Mayo denies the allegations in Paragraph 14(e) of the Complaint.

    f. Mayo denies the allegations in Paragraph 14(f) of the Complaint.

    g. Mayo denies the allegations in Paragraph 14(g) of the Complaint.

15. Mayo admits a former employee appealed the termination of her employment with Mayo. Mayo denies any and all remaining allegations contained in Paragraph 15 of the Complaint.

16. Mayo admits that Plaintiff was asked to attend a meeting with an appeals committee, related to a former Mayo employee. Mayo states that the remaining allegations contained Paragraph 16 of the Complaint are either factually inaccurate, untrue, taken out of context, overly vague and ambiguous as to time or reference, or unanswerable as phrased, and accordingly, on that basis, Mayo denies any and all remaining allegations contained in Paragraph 16 of the Complaint.

17. Mayo is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraphs 17 or its subparts 17(a)-(d) regarding alleged communications between Plaintiff and Berres and on that basis, this statement has the effect of a denial of those allegations as phrased in Paragraph 17 of the Complaint. Mayo denies any and all remaining allegations contained in Paragraph 17 of the Complaint.

18. Mayo is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraphs 18 regarding alleged communications between Plaintiff and Berres and on that basis, this statement has the effect of a denial of those allegations as phrased in Paragraph 18 of the Complaint. Mayo denies any and all remaining allegations contained in Paragraph 18 of the Complaint.

19. Mayo is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraphs 19 regarding alleged communications between Plaintiff and Berres and on that basis, this statement has the effect of a denial of those allegations

as phrased in Paragraph 19 of the Complaint. Mayo denies any and all remaining allegations contained in Paragraph 19 of the Complaint.

20. Mayo denies the allegations in Paragraph 20 of the Complaint.

21. Mayo denies the allegations in Paragraph 21 of the Complaint.

22. Mayo denies the allegations in Paragraph 22 of the Complaint.

23. Mayo denies the allegations in Paragraph 23 of the Complaint.

24. Mayo denies the allegations in Paragraph 24 of the Complaint.

25. Mayo denies the allegations in Paragraph 25 of the Complaint.

26. Mayo admits Plaintiff emailed Julie Hass via email to request a meeting. Mayo denies any and all remaining allegations in Paragraph 26 of the Complaint.

27. Mayo admits Plaintiff spoke with Hass. Mayo denies any and all remaining allegations in Paragraph 27 of the Complaint.

28. Mayo admits that Plaintiff told Hass that Plaintiff heard another nurse was considering quitting. Mayo denies any and all remaining allegations in Paragraph 28 of the Complaint.

29. Mayo denies the allegations in Paragraph 29 of the Complaint.

30. Mayo denies the allegations in Paragraph 30 of the Complaint.

31. Mayo admits that Plaintiff spoke with Hass about Berres. Mayo denies any and all remaining allegations in Paragraph 31 of the Complaint.

32. Mayo denies the allegations in Paragraph 32 of the Complaint.

33. Mayo admits Plaintiff received an email from Patricia Jensen on February 27, 2015. Mayo admits Jensen was Berres' supervisor. Mayo denies any and all remaining allegations contained in Paragraph 33 of the Complaint.

34. Mayo admits Jensen's February 27, 2015 email said "I need to speak with you in person this afternoon." Mayo states that to the extent a written instrument is referenced, such document speaks for itself and should not be taken out of context or quoted in partial form. Mayo denies any and all remaining allegations in Paragraph 34 of the Complaint.

35. Mayo admits Jensen met with Plaintiff on March 2, 2015. Mayo denies any and all remaining allegations contained in Paragraph 35 of the Complaint.

36. Mayo denies the allegations in Paragraph 36 of the Complaint.

37. Mayo denies the allegations in Paragraph 37 of the Complaint.

38. Mayo denies the allegations in Paragraph 38 of the Complaint.

39. Mayo denies the allegations in Paragraph 39 of the Complaint.

40. Mayo admits on March 10, 2015 an email was sent to the "Dermatology Desk team". Mayo states that the email referenced in Paragraph 40 is a written instrument that speaks for itself and should not be taken out of context or quoted in partial form. Mayo denies any and all remaining allegations in Paragraph 40 of the Complaint.

41. Mayo admits an email was sent on March 10, 2015 to the "Dermatology Desk team". Mayo states that the email referenced in Paragraph 41 is a written instrument that speaks for itself and should not be taken out of context or quoted in partial form. Mayo denies any and all remaining allegations in Paragraph 41 of the Complaint.

42. Mayo denies the allegations in Paragraph 42 of the Complaint.

43. Mayo denies the allegations in Paragraph 43 of the Complaint.

44. Mayo denies the allegations in Paragraph 44 of the Complaint.

45. Mayo denies the allegations in Paragraph 45 of the Complaint.

46. Mayo denies the allegations in Paragraph 46 of the Complaint.

47. Mayo denies the allegations in Paragraph 47 of the Complaint.

48. Mayo denies the allegations in Paragraph 48 of the Complaint.

49. Mayo admits the allegations in Paragraph 49 of the Complaint.

50. Mayo admits the allegations in Paragraph 50 of the Complaint.

51. Mayo admits the allegations in Paragraph 51 of the Complaint.

52. Mayo admits Plaintiff was asked to cross-train with the other surgical supply assistant's duties. Mayo denies any and all remaining allegations in Paragraph 52 of the Complaint.

53. The allegations in Paragraph 53 of the Complaint are factually inaccurate, untrue, overly vague and ambiguous, and/or unanswerable as phrased, and accordingly, on that basis, Mayo denies the allegations contained in Paragraph 53 of the Complaint.

54. Mayo admits that Dorene Lyke ("Lyke") was Plaintiff's coworker. Mayo denies any and all remaining allegations contained in Paragraph 54 of the Complaint.

55. Mayo is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 55 of the Complaint, and on that basis, this statement has the effect of a denial of those allegations as phrased in Paragraph 55 of the Complaint.

56. Mayo admits Plaintiff was approved for FMLA leave effective March 23, 2015. Mayo admits Plaintiff returned to work part-time in April 2015. Mayo denies any and all remaining allegations contained in Paragraph 56 of the Complaint.

57. Mayo admits Plaintiff submitted a form entitled "Certification of Health Care Provider, Family Medical Leave Act," and that such document is a written instrument that speaks

for itself and should not be taken out of context or quoted in partial form. Mayo denies any and all remaining allegations contained in Paragraph 57 of the Complaint.

58. Mayo states that the allegations contained Paragraph 58 of the Complaint are either factually inaccurate, untrue, taken out of context, overly vague and ambiguous as to time or reference, or unanswerable as phrased, and accordingly, on that basis, Mayo denies the allegations contained in Paragraph 58 of the Complaint.

59. Mayo denies the allegations in Paragraph 59 of the Complaint.

60. Mayo denies the allegations in Paragraph 60 of the Complaint.

61. Mayo denies the allegations in Paragraph 61 of the Complaint.

62. Mayo denies the allegations in Paragraph 62 of the Complaint.

63. Mayo denies the allegations in Paragraph 63 of the Complaint.

64. Mayo denies the allegations in Paragraph 64 of the Complaint.

65. Mayo denies the allegations in Paragraph 65 of the Complaint.

66. Mayo denies the allegations in Paragraph 66 of the Complaint.

67. Mayo admits Plaintiff sent an email to Peter Taddy on April 15, 2015. Mayo states that the email referenced in Paragraph 67 is a written instrument that speaks for itself and should not be taken out of context or quoted in partial form. Mayo denies any and all remaining allegations contained in Paragraph 67 of the Complaint.

68. Mayo denies the allegations contained in Paragraph 68 of the Complaint.

69. The allegations in Paragraph 69 of the Complaint are factually inaccurate, untrue, overly vague and ambiguous, and/or unanswerable as phrased, and accordingly, on that basis, Mayo denies the allegations contained in Paragraph 69 of the Complaint.

70. Mayo admits Plaintiff was approved for FMLA leave effective March 23, 2015. Mayo denies any and all remaining allegations contained in Paragraph 70 of the Complaint.

71. Mayo states that the allegations contained Paragraph 71 of the Complaint are either factually inaccurate, untrue, taken out of context, overly vague and ambiguous as to time or reference, or unanswerable as phrased, and accordingly, on that basis, Mayo denies the allegations contained in Paragraph 71 of the Complaint.

72. Mayo admits the allegations in Paragraph 72 of the Complaint.

73. Mayo denies the allegations in Paragraph 73 of the Complaint.

74. Mayo denies the allegations in Paragraph 74 of the Complaint.

75. Mayo denies the allegations in Paragraph 75 of the Complaint.

76. Mayo denies the allegations in Paragraph 76 of the Complaint.

77. Mayo denies the allegations in Paragraph 77 of the Complaint.

78. Mayo denies the allegations in Paragraph 78 of the Complaint.

79. Mayo denies the allegations in Paragraph 79 of the Complaint.

80. Mayo admits Plaintiff met with Taddy and Anna O'Rourke. Mayo denies any and all remaining allegations contained in Paragraph 80 of the Complaint.

81. Mayo denies the allegations in Paragraph 81 of the Complaint.

82. Mayo denies the allegations in Paragraph 82 of the Complaint.

83. Mayo denies the allegations in Paragraph 83 of the Complaint.

84. Mayo denies the allegations in Paragraph 84 of the Complaint.

85. Mayo admits on June 9, 2015 Plaintiff was issued a "Corrective Action Conference Form," which is a written instrument that speaks for itself and should not be taken

out of context or quoted in partial form. Mayo denies any and all remaining allegations contained in Paragraph 85 of the Complaint.

86. Mayo admits the allegations in Paragraph 86 of the Complaint.

87. Mayo admits Plaintiff received a "Corrective Action Conference Form" on June 9, 2015, and that the form is a written instrument that speaks for itself and should not be taken out of context or quoted in partial form. Mayo denies any and all remaining allegations in Paragraph 87 of the Complaint.

88. Mayo denies the allegations in Paragraph 88 of the Complaint.

89. Mayo denies the allegations in Paragraph 89 of the Complaint.

90. Mayo admits it provided Plaintiff an updated Supply Assistant job description. Mayo denies any and all remaining allegations in Paragraph 90 of the Complaint.

91. Mayo admits on June 29, 2015, Peter Taddy emailed Plaintiff about a job fit evaluation. The email is a written instrument that speaks for itself and should not be taken out of context or quoted in partial form. Mayo denies any and all remaining allegations in Paragraph 91 of the Complaint.

92. Mayo denies the allegations in Paragraph 92 of the Complaint.

93. Mayo denies the allegations in Paragraph 93 of the Complaint.

94. Mayo admits Plaintiff's 2015 "ePraisal" was signed on June 15, 2015. Mayo denies any and all remaining allegations in Paragraph 94 of the Complaint.

95. Mayo denies the allegations in Paragraph 95 of the Complaint.

96. Mayo denies the allegations in Paragraph 96 of the Complaint.

97. Mayo admits that on July 5, 2015, Plaintiff emailed Anna O'Rourke to inform O'Rourke that Plaintiff sent O'Rourke a "packet" of documents. The email and documents are

written instrument that speak for themselves and should not be taken out of context or quoted in partial form. The "packet" of documents was sent via interoffice mail. Mayo denies any and all remaining allegations in Paragraph 97 of the Complaint.

98. Mayo admits Plaintiff received two "Corrective Action Conference Forms" in July 2015. Mayo denies any and all remaining allegations in Paragraph 98 of the Complaint.

99. Mayo denies the allegations in Paragraph 99 of the Complaint.

100. Mayo admits Plaintiff was given a Corrective Action Conference Form on July 14, 2015, which is a written instrument that speaks for itself and should not be taken out of context or quoted in partial form. Mayo denies any and all remaining allegations in Paragraph 100 of the Complaint.

101. Mayo denies the allegations in Paragraph 101 of the Complaint.

102. Mayo denies the allegations in Paragraph 102 of the Complaint.

103. Mayo denies the allegations in Paragraph 103 of the Complaint.

104. Mayo admits the allegations in Paragraph 104 of the Complaint.

105. Mayo denies the allegations in Paragraph 105 of the Complaint

106. Mayo denies the allegations in Paragraph 106 of the Complaint

107. Mayo denies the allegations in Paragraph 107 of the Complaint

108. Mayo denies the allegations in Paragraph 108 of the Complaint

109. Mayo denies the allegations in Paragraph 109 of the Complaint

110. Mayo denies the allegations in Paragraph 110 of the Complaint.

111. Mayo denies the allegations in Paragraph 111 of the Complaint.

112. Mayo admits on November 12, 2015, Mayo sent Plaintiff a Notice of Reduction in Force, which is a written instrument that speaks for itself and should not be taken out of

context or quoted in partial form. Mayo denies any and all remaining allegations in Paragraph 112 of the Complaint.

113. Mayo admits another Supply Assistant, Dorene Lyke, was terminated at the same time as Plaintiff as part of Mayo's reduction in force. Mayo is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 113 of the Complaint regarding Lyke's age, and on that basis, this statement has the effect of a denial of those allegations as phrased in Paragraph 113 of the Complaint. Mayo denies any and all remaining allegations in Paragraph 113 of the Complaint.

114. Mayo denies the allegations in Paragraph 114 of the Complaint.

115. Mayo denies the allegations in Paragraph 115 of the Complaint

## COUNT I
## REPRISAL IN VIOLATION OF
## THE MINNESOTA HUMAN RIGHTS ACT

116. Mayo restates its responses to the allegations contained in Paragraphs 1 through 115 of the Complaint as if fully set forth herein.

117. Mayo denies the allegations in Paragraph 117 of the Complaint.

118. Mayo denies the allegations in Paragraph 118 of the Complaint.

119. Mayo denies the allegations in Paragraph 119 of the Complaint.

120. Mayo denies the allegations in Paragraph 120 of the Complaint.

## COUNT II
## AGE DISCRIMINATION IN VIOLATION OF
## THE MINNESOTA HUMAN RIGHTS ACT

121. Mayo restates its responses to the allegations contained in Paragraphs 1 through 120 of the Complaint as if fully set forth herein.

122. Mayo denies the allegations in Paragraph 122 of the Complaint.

123. Mayo denies the allegations in Paragraph 123 of the Complaint.

124. Mayo denies the allegations in Paragraph 124 of the Complaint.

125. Mayo denies the allegations in Paragraph 125 of the Complaint.

**COUNT III**
**AGE PLUS SEX DISCRIMINATION IN VIOLATION OF**
**THE MINNESOTA HUMAN RIGHTS ACT**

126. Mayo restates its responses to the allegations contained in Paragraphs 1 through 125 of the Complaint as if fully set forth herein.

127. Mayo denies the allegations in Paragraph 127 of the Complaint.

128. Mayo denies the allegations in Paragraph 128 of the Complaint.

129. Mayo denies the allegations in Paragraph 129 of the Complaint.

130. Mayo denies the allegations in Paragraph 130 of the Complaint.

**COUNT IV**
**DISABILITY DISCRIMINATION IN VIOLATION OF**
**THE MINNESOTA HUMAN RIGHTS ACT**

131. Mayo restates its responses to the allegations contained in Paragraphs 1 through 130 of the Complaint as if fully set forth herein.

132. Mayo denies the allegations in Paragraph 132 of the Complaint.

133. Mayo denies the allegations in Paragraph 133 of the Complaint.

134. Mayo denies the allegations in Paragraph 134 of the Complaint.

135. Mayo denies the allegations in Paragraph 135 of the Complaint.

**COUNT V**
**INTERFERENCE IN VIOLATION OF**
**THE FAMILY AND MEDICAL LEAVE ACT**

136. Mayo restates its responses to the allegations contained in Paragraphs 1 through 135 of the Complaint as if fully set forth herein.

137. Mayo admits the allegations in Paragraph 137.

138. Mayo denies the allegations in Paragraph 138 of the Complaint.

139. Mayo denies the allegations in Paragraph 139 of the Complaint.

140. Mayo denies the allegations in Paragraph 140 of the Complaint.

141. Mayo denies the allegations in Paragraph 141 of the Complaint.

## COUNT VI
### DISCRIMINATION IN VIOLATION OF
### THE FAMILY AND MEDICAL LEAVE ACT

142. Mayo restates its responses to the allegations contained in Paragraphs 1 through 141 of the Complaint as if fully set forth herein.

143. Mayo denies the allegations in Paragraph 143 of the Complaint.

144. Mayo denies the allegations in Paragraph 144 of the Complaint.

145. Mayo denies the allegations in Paragraph 145 of the Complaint.

146. Mayo denies the allegations in Paragraph 146 of the Complaint.

## COUNT VII
### DISCRIMINATION IN VIOLATION OF
### THE FAMILY AND MEDICAL LEAVE ACT

147. Mayo restates its responses to the allegations contained in Paragraphs 1 through 146 of the Complaint as if fully set forth herein.

148. Mayo denies the allegations in Paragraph 148 of the Complaint.

149. Mayo denies the allegations in Paragraph 149 of the Complaint.

150. Mayo denies the allegations in Paragraph 150 of the Complaint.

## COUNT VIII
### DISCRIMINATION IN VIOLATION OF
### THE FAMILY AND MEDICAL LEAVE ACT

151. Mayo restates its responses to the allegations contained in Paragraphs 1 through 150 of the Complaint as if fully set forth herein.

152. Mayo denies the allegations in Paragraph 152 of the Complaint.

153. Mayo denies the allegations in Paragraph 153 of the Complaint.

154. Mayo denies the allegations in Paragraph 154 of the Complaint.

155. Unless otherwise and expressly admitted or otherwise qualified in this Answer, Mayo denies each and every allegation contained in Plaintiff's Complaint.

## **PRAYER FOR RELIEF**

Plaintiff's WHEREFORE provision, and each of their subparts of the Complaint, contain allegations to which a response is not required. To the extent that a response may be required, Mayo denies the allegations contained in Plaintiff's WHEREFORE provisions. Mayo further denies any legal wrongdoing, or that Plaintiff is entitled to any relief whatsoever.

## **AFFIRMATIVE AND ADDITIONAL DEFENSES**

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted and Plaintiff cannot meet the elements of proof for a claim of reprisal in violation of the Minnesota Human Rights Act, age discrimination in violation of the Minnesota Human Rights Act, age plus sex discrimination in violation of the Minnesota Human Rights Act, disability discrimination in violation of the Minnesota Human Rights Act, interference in violation of the Family and Medical Leave Act, discrimination in violation of the Family Medical Leave Act, retaliation in violation of the Minnesota Whistleblower Act, and Retaliation in violation of the Minnesota Worker's Compensation Act.

2. At all times relevant to this action, Mayo acted in good faith toward Plaintiff and in compliance with all applicable laws.

3. To the extent Plaintiff has failed to file an administrative charge or institute this action within the time required under the applicable statute of limitations, her claims for relief are barred.

4. Plaintiff's claims are barred, in whole or in part, by her failure to comply with the jurisdictional, procedural, and administrative prerequisites for filing this action.

5. Plaintiff's claims fail, to the extent that they are barred (in whole or in part) by the doctrines of waiver, estoppel, laches, ratification, unclean hands and/or preemption.

6. The prayer for relief fails to the extent that Plaintiff has failed to mitigate her damages as required by law.

7. Plaintiff's claims fail because any alleged action or failure to act on the part of Mayo was not the proximate cause of any injuries to Plaintiff.

8. If Plaintiff has been damaged as alleged, her damage has been caused by her own intentional or negligent acts or omissions, or by intentional or negligent acts or omissions of those other than Mayo or for which Mayo is not responsible.

9. Mayo did not discriminate or retaliate against Plaintiff in her employment on the basis of her gender, age, disability or on any other unlawful basis.

10. Plaintiff's claims for relief are barred because Mayo exercised reasonable care in promulgating and distributing a comprehensive unlawful discrimination and anti-harassment policy and complaint procedure, took measures to correct or prevent any alleged unlawful harassment, and Plaintiff failed to reasonably take advantage of the corrective or preventative opportunities provided by Mayo or to otherwise avoid harm.

11. The Complaint fails on the grounds that any action taken by Mayo was taken in good faith, and reasonably necessary for the normal operation of their business, and was based on legitimate, reasonable business actions.

12. The Complaint fails because any employment decision about which Plaintiff complains was based on legitimate, non-discriminatory and non-retaliatory business reasons, and not an unlawful animus.

13. To the extent any alleged discriminatory or retaliatory conduct was committed by agents (which Mayo denies), said conduct was outside the scope of the agent's authority and was contrary to Mayo's good faith efforts to comply with federal and state law.

14. Plaintiff's Complaint fails to state facts sufficient to state a claim that would support an award of actual, compensatory, punitive, or other damages against Mayo.

15. The Complaint fails in whole or in part because the actions of Mayo and/or any related entities were supported by legal justification or excuse.

16. Plaintiff's claims are preempted, in whole or in part, by the Minnesota Human Rights Act.

17. Plaintiff's claims are preempted, in whole or in part, by the Minnesota Workers' Compensation Act.

18. Plaintiff's claims should be dismissed to the extent that she failed to provide proper notice of her entitlement to protected leave, failed to provide proper medical certification, and/or did not have the requisite number of hours and for any and all applicable reasons, not limited to the foregoing, was not entitled to or eligible for leave or other benefits under the FMLA or any other statute and law.

19. Plaintiff is barred from recovering a remedy to the extent that Plaintiff engaged in misconduct, violation of company policies, or other conduct that would have resulted in her termination by, or would have precluded her from obtaining employment with Mayo, had Mayo discovered such conduct. Mayo alleges, on information and belief, that any recovery by Plaintiff, or alternatively, portions of any recovery, are barred by the doctrine of after-acquired evidence.

20. Plaintiff's Complaint fails to state facts sufficient to state a claim that would support an award of actual, compensatory, liquidated, punitive, or other damages against Mayo.

21. Plaintiff's claims for compensatory and punitive damages are limited by the applicable limitations on such damages.

22. Plaintiff is not entitled to an award of punitive damages, as she has not pled and cannot prove facts sufficient to support such an award. In any event, any award of punitive damages is subject to all statutory, common law, and constitutional principles and limitations, and Mayo pleads all defenses made available to it by the Supreme Court's decision in *Kolstad v. American Dental Association*. Plaintiff's Complaint and each cause of action thereof fails to state a valid claim for punitive damages.

23. Plaintiff's Complaint and each cause of action thereof fail to state valid claims for attorneys' fees.

24. To the extent that Plaintiff has been damaged as alleged, such damage was caused by and is the responsibility of persons, parties, or entities other than Mayo.

25. Pending the conclusion of further discovery and investigation, Mayo respectfully reserves the right to add such further or supplemental defenses as may be warranted by the information developed through discovery and proper to the full defense of this litigation.

WHEREFORE, Mayo prays that the Court issue an Order:

    a. Dismissing Plaintiff's Complaint with prejudice and on the merits.

    b. Granting judgment to Mayo, and against Plaintiff, on the claim raised in her Complaint.

    c. Granting Mayo its costs and expenses, including, if applicable and appropriate, its reasonable attorneys' fees.

    d. Granting Mayo such other and further relief as the Court deems just and equitable.

Dated: October 13, 2016.

*s/ Sarah J. Gorajski*
George R. Wood, (00166017)
gwood@littler.com
Sarah Gorajski, (0386428)
sgorajski@littler.com
**LITTLER MENDELSON, P.C.**
1300 IDS Center
80 South 8th Street
Minneapolis, MN 55402.2136
Telephone: 612.630.1000

**ATTORNEYS FOR DEFENDANT MAYO CLINIC**

## JURY DEMAND

Mayo Clinic hereby requests a jury for all claims properly triable thereby.

Dated: October 13, 2016.

*s/ Sarah J. Gorajski*
George R. Wood, (00166017)
gwood@littler.com
Sarah Gorajski, (0386428)
sgorajski@littler.com
**LITTLER MENDELSON, P.C.**
1300 IDS Center
80 South 8th Street
Minneapolis, MN 55402.2136
Telephone: 612.630.1000

**ATTORNEYS FOR DEFENDANT MAYO CLINIC**

Firmwide:143278073.2 087104.1002