# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Deanne Kundert,　　　　　　　　　　　　　Court File No. 0:16-cv-03355 (PAM/BRT)

　　　　　　Plaintiff,

vs.　　　　　　　　　　　　　　　　　　　**JOINT STIPULATION FOR PROTECTIVE ORDER**

Mayo Clinic,

　　　　　　Defendant.

Upon stipulation of the parties for an order pursuant to Fed. R. Civ. P. 26(c) that confidential information be disclosed only in designated ways:

1.　As used in the Protective Order, these terms have the following meanings:

"Attorneys" means counsel of record;

"Confidential" documents are documents designated pursuant to paragraph 2;

"Documents" are all materials within the scope of Fed. R. Civ. P. 34;

"Outside Vendors" means messenger, copy, coding, and other clerical-services vendors not employed by a party or its Attorneys; and

"Written Assurance" means an executed document in the form attached as

Exhibit A.

2.　A Party may designate a document "Confidential", to protect information within the scope of Fed. R. Civ. P. 26(c).

3.　All Confidential documents, along with the information contained in the documents, shall be used solely for the purpose of this action, and no person receiving such documents shall, directly or indirectly, use, transfer, disclose, or communicate in any way the

documents or their contents to any person other than those specified in paragraph 4. Any other use is prohibited.

4. Access to any Confidential document shall be limited to:

(a) the Court and its staff;

(b) Attorneys, their law firms, and their Outside Vendors;

(c) persons shown on the face of the document to have authored or received it;

(d) court reporters retained to transcribe testimony;

(e) the parties;

(f) deponents during course of their deposition in this case; and

(g) outside independent persons (*i.e.*, persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party or its Attorneys to provide assistance as mock jurors or focus group members or the like, or to furnish technical or expert services, and/or to give testimony in this action.

5. Third parties producing documents in the course of this action may also designate documents as "Confidential", subject to the same protections and constraints as the parties to the action. A copy of the Protective Order shall be served along with any subpoena served in connection with this action. All documents produced by such third parties shall be treated as "Confidential" for a period of 14 days from the date of their production, and during that period any party may designate such documents as "Confidential" pursuant to the terms of the Protective Order.

6. Each person appropriately designated pursuant to paragraphs 4(f) to receive Confidential information shall execute a "Written Assurance" in the form attached as Exhibit A. Opposing counsel shall be notified at least 14 days prior to disclosure to any such person who is
2

known to be an employee or agent of, or consultant to, any competitor of the party whose designated documents are sought to be disclosed. Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made. If a party objects in writing to such disclosure within 14 days after receipt of notice, no disclosure shall be made until the party seeking disclosure obtains the prior approval of the Court or the objecting party.

7. All depositions or portions of depositions taken in this action that contain confidential information may be designated "Confidential" and thereby obtain the protections accorded other "Confidential" documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 14 days of receipt of the transcript. Unless otherwise agreed, depositions shall be treated as "Confidential" during the 14-day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses Confidential information shall be taken only in the presence of persons who are qualified to have access to such information. Such deponents may be shown Confidential Information during their deposition but shall not be permitted to keep copies of said Confidential Information nor any portion of the deposition transcript reflecting the Confidential Information. All court reporters retained to transcribe testimony in this matter shall execute a "Written Assurance" in the form attached as Exhibit A in advance of participating in or transcribing the testimony of any witness

8. Any party who inadvertently fails to identify documents as "Confidential" shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated documents. Any party receiving such improperly-designated documents shall retrieve such documents from persons not entitled to receive those documents

and, upon receipt of the substitute documents, shall return or destroy the improperly-designated documents.

9. All parties are specifically afforded the protections of Federal Rule of Evidence 502 (d) and (e) for any produced document that is or may reasonably be subject to a legally recognizable privilege ("Protected Document"). The disclosure or production, whether inadvertent or otherwise, of Protected Document(s) by a producing party subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege and the work-product doctrine, to a receiving party, shall in no way constitute the voluntary disclosure of such Protected Document(s), and the disclosure or production of any Protected Document(s) in this action shall not result in the waiver of any privilege, evidentiary protection or other protection associated with such Protected Document(s) as to the receiving party or any third parties. If the producing party determines it has produced Protected Document(s), the producing party shall notify the receiving party of such inadvertent production in writing, identifying the basis for the privilege or protection, and demand the return of such documents. The receiving party shall respond until the issue is resolved by: (i) refraining from reading the Protected Document(s); (ii) returning, sequestering, or destroying all copies and derivative material of such Protected Document(s) (including extracting the Protected Document(s) from databases where possible); and (iii) taking reasonable steps to retrieve the information if disclosed to any third part(ies). If a receiving party determines that any Protected Document has been disclosed, the receiving party shall immediately notify the producing party in writing and take the steps set forth in subsections (i) to (iii) in the preceding sentence until the issue is resolved.  Within ten (10) days of receiving such notice, the producing party shall inform the receiving party in writing

of intent to claim privilege and provide a log for such Protected Document(s). The receiving party may thereafter seek reproduction of any such documents pursuant to applicable law.

If the claim of privilege or work-product protection is disputed, the receiving party agrees to refrain from further examination or use of the potentially privileged or work-product protected information until the dispute is resolved. The parties shall use reasonable efforts to resolve the dispute in good faith without judicial intervention.

To the extent that the information contained in a Protected Document has already been used in or described in other documents generated or maintained by the receiving party prior to the date of receipt of written notice by the producing party, then the receiving party shall sequester such documents until the claim has been resolved. If the receiving party disclosed the Protected Document before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

The receiving party's return, sequestering or destruction of Protected Documents as provided herein will not act as a waiver of the receiving party's right to move for the production of the returned, sequestered or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection. However, the receiving party is prohibited and estopped from arguing that: (i) the disclosure or production of the Protected Documents acts as a waiver of an applicable privilege or evidentiary protection; (ii) the disclosure of the Protected Documents was not inadvertent; (iii) the producing party did not take reasonable steps to prevent the disclosure of the Protected Documents; or (iv) the producing party failed to take reasonable or timely steps to rectify the error pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), or otherwise.

Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents or ESI (including metadata) for relevance, responsiveness and/or segregation of privileged and/or otherwise protected information before production. The provisions of this section constitute an order pursuant to Rules 502(d) and (e) of the Federal Rules of Evidence.

10. If a party files a document containing Confidential information with the Court, it shall do so in compliance with the Electronic Case Filing Procedures for the District of Minnesota. Prior to disclosure at trial or a hearing of materials or information designated "Confidential", the parties may seek further protections against public disclosure from the Court. In connection with any motion filed with this Court, only those portions of a party's submission (e.g., memorandum of law, affidavit, and exhibits) that meet the requirements for treatment of protection from public filing (e.g., because they are subject to the attorney-client privilege or work product doctrine, or meet the standards articulated by Fed. R. Civ. P. 26(c)(1)(G)), shall be filed under seal. Designation of material as confidential or protected by any party pursuant to a protective order as the sole basis for filing the material under seal shall not satisfy this requirement."

11. Any party may request a change in the designation of any information designated "Confidential." Any such document shall be treated as designated until the change is completed. If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as "Confidential" in the action may be affected. The party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

12. It appears there will not be significant electronically stored information ("ESI") discovery. Relevant and responsive non-privileged documents identified for production by the parties will be produced in a printed or .PDF format, unless the requesting party can articulate a special need for production in an alternative format. Should a greater need for electronic discovery later become apparent in the course of this litigation, the parties agree that they will meet and confer in an effort to define the parameters of an electronic discovery protocol for use in this case, which will be tied to the electronic discovery issues identified necessitating the protocol.

13. Within 60 days of the termination of this action, including any appeals, each party shall either destroy or return to the opposing party all documents designated by the opposing party as "Confidential", and all copies of such documents, and shall destroy all extracts and/or data taken from such documents. Each party shall provide a certification as to such return or destruction within the 60-day period. However, the attorneys to the party in the above-captioned matter shall be entitled to retain a set of all documents filed with the Court and all correspondence generated in connection with the action.

14. Any party may apply to the Court for a modification of the Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

15. No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

16. The obligations imposed by the Protective Order shall survive the termination of this action.

Dated: February 3, 2017

        *s/ Daniel Gray Leland*
Daniel Gray Leland (#0389027)
Leland@lelandlawoffice.com
**LELAND LAW PLLC**
310 Fourth Avenue South, Suite 5010
Minneapolis, MN 55415
T/F: (612) 206-3780

**ATTORNEY FOR PLAINTIFF**

Dated: February 3, 2017

        *s/ Sarah J. Gorajski*
George R. Wood (#0166017)
gwood@littler.com
Sarah J. Gorajski (#0386428)
sgorajski@littler.com
**LITTLER MENDELSON, P.C.**
1300 IDS Center
80 South 8th Street
Minneapolis, MN 55402.2136
Telephone: 612.630.1000

**ATTORNEYS FOR DEFENDANT**

# EXHIBIT A

## WRITTEN ASSURANCE

_____ declares that:

I reside at _____ in the City of _____, County of _____, State of _____ . My telephone number is _____.

I am currently employed by _____, located at _____, and my current job title is _____.

I have read and I understand the terms of the Protective Order dated _____, filed in *Deanne Kundert v. Mayo Clinic*, Case No. 16-cv-3355, pending in the United States District Court for the District of Minnesota. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated "Confidential" obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, any documents in my possession designated "Confidential", and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the District of Minnesota for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

Executed on _____        _____
                  (Date)                                          (Signature)